**Hugo PRINCZ, Plaintiff,**

v.

**FEDERAL REPUBLIC OF GERMANY, BASF Group, Hoechst AG, Bayer Group, and Messerschmidt–Belkow–Blohm, Defendants.**

Civ. A. No. 92–644.

United States District Court, District of Columbia.

Dec. 8, 1994.

**19**

David Edward Sher, Sher & Cummings, Arlington, VA and Steven R. Perles, Washington, DC, for plaintiff.

Kathleen Spear Rice, Thomas Gardiner Corcoran, Jr., Berliner, Corcoran & Rowe, Washington, DC and Peter Heidenberger, Chevy Chase, MD, for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

■ On December 6, 1994 the Court of Appeals issued an order in which it stated that the mandamus action pending before it, brought by the Federal Republic of Germany against this Court, might "become moot" if this Court ruled promptly on plaintiff's November 18, 1994 motion for clarification of its order dated October 14, 1994. That order granted plaintiff leave to amend his complaint to join BASF Group, Hoechst AG, Bayer Group, and Messerschmidt–Belkow–Blohm as defendants. No decision was made as to the sufficiency of plaintiff's amended complaint. The named entities are alleged to be the successors to the German companies

that placed him in slave labor during World War II. It was this Court's holding that plaintiff was entitled to amend his complaint as a matter of right because the defendant had not filed a responsive pleading and because granting leave to amend was not contrary to the Court of Appeals mandate. *See* Fed.R.Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."); *see also* 6 Wright & Miller Federal Practice and Procedure: Civil 2d § 1489 at 699 (2d Ed.1990).

■ Plaintiff in his motion for clarification requests that the Court issue an order that would make it clear that consistent with the September 28, 1994 mandate of the Court of Appeals, the Federal Republic of Germany is dismissed as a party to this suit until such time as the United States Supreme Court or the United States Congress takes such action as is necessary to confer jurisdiction on this Court to hear Mr. Princz's complaint against the Federal Republic of Germany.

Because the plaintiff has filed with the United States Supreme Court a petition for certiorari and because there is pending in Congress a bill that would give this Court jurisdiction over Princz's cause of action against the Federal Republic of Germany, plaintiff's request seems appropriate and consistent with the Court of Appeals decision in this matter.

Defendant Federal Republic of Germany has opposed plaintiff's motion on the grounds that this Court has no jurisdiction to grant it.[1] As the Court has previously noted, it is within its jurisdiction to grant plaintiff leave to amend its complaint.[2]

Accordingly, this Court's October 14, 1994 order is hereby amended to make it clear that in accordance with the Court of Appeals mandate the Federal Republic of Germany is dismissed from this action and need not take any further steps unless and until the Supreme Court reverses the decision of the

1. Germany has cited no precedent to support its position as to this Court's jurisdiction.

2. In addition, plaintiff can dismiss the Federal Republic of Germany without leave of the Court

since the Federal Republic of Germany has filed no answer or motion for summary judgment in this action. *See* Fed.R.Civ. P. 41(a).

Court of Appeals or the Congress confers jurisdiction on this Court to hear Princz's action against the Federal Republic of Germany. It is so

**ORDERED.**